```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF KENTUCKY
                  NORTHERN DIVISION
                    AT COVINGTON
```

CIVIL ACTION NO. 2011-11 (WOB-JGW)

DENNIS GLOYNA, Co-Executor
Of the Estate of Ray Ann
Gloyna, ET AL.                                    PLAINTIFFS

VS.                    MEMORANDUM OPINION AND ORDER

TOYOTA MOTOR MANUFACTURING
NORTH AMERICA, INC., ET AL                        DEFENDANTS

This is an action under 28 U.S.C. § 1332, diversity of citizenship. The jurisdictional requirements of complete diversity of citizenship and the amount in controversy have been met.

This matter is before the Court on the Defendants' motion for summary judgment as to all claims based on either Kentucky's or Texas's statute of limitations. (Doc. 42).

The Court heard oral argument on January 24, 2014. Nicholas Farnolo represented the Plaintiffs. Linsey West and Randy Bibb represented Defendants. Official court reporter Joan Averdick recorded the proceedings.

## FACTS

On April 9, 2007, Ray Ann Gloyna was driving a 2001 Toyota Avalon in Abilene, TX, when she failed to stop at a stop sign at the intersection of FM 1750 and TX 36, struck the trailer portion of a tractor-trailer, and was killed. (Doc. 1 ¶¶ 8, 9). Dennis Gloyna, individually and as Co-Executor of Ray Ann Gloyna's estate, as well as Myrick Gloyna, Co-Executor of Ray Ann Gloyna's estate (collectively

the "Plaintiffs"), have filed several state law claims against Toyota Motor Manufacturing North America, Inc., Toyota Motor Manufacturing, Kentucky, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively the "Defendants").  The Defendants manufactured and sold to Ray Ann Gloyna the 2001 Avalon (the "Avalon") she was driving when the accident causing her death occurred.  Plaintiffs allege "the Avalon suddenly, unexpectedly and without warning accelerated, causing it to become uncontrollable and sped [sic] through a stop sign."  (Doc. 1 ¶ 9).

Plaintiffs' claims rest on the theory that the accident occurred due to a defect in Defendants' 2001 model Avalon that caused a sudden unintended acceleration ("SUA") of the vehicle.

Plaintiffs point to facts that they allege show Defendants' fraudulent concealment.  For example, Plaintiffs argue Defendants' failure to include the 2001 Avalon in December 2009 and January 2010 recalls, customer complaints about 2001 Avalon's SUA problems (all submitted after the January 2010 recall), statements from Toyota officials occurring around the 2010 recall including one stating "WE HAVE A tendency for MECHANICAL failure in accelerator pedals of a certain manufacturer on certain models . . . We need to come clean," and statements from whistleblowers show Defendants' fraudulent concealment.

## ANALYSIS

**A. Kentucky's Statutes of Limitation Apply To All Claims**

Statutes of limitation are generally thought of as procedural law and, as such, the forum applies its state law.  *Gil Ruehl Mech., Inc. v. Hartford Fire Ins. Co.*, 164 S.W.3d 512, 514 (Ky. Ct. App. 2004)

(stating most statutes of limitations are procedural); *CSX Transp., Inc. v. Moody*, 313 S.W.3d 72, 79 (Ky. 2010) ("The substantive law that governs a FELA action is federal, whether brought in state or federal court, but the law of the forum governs procedural matters."). Thus, this Court looks to Kentucky law to determine the proper statutes of limitation.[1]

Plaintiffs' negligence, strict liability, wrongful death, and failure to warn claims have a one year statute of limitations under KRS § 413.140(a)(1); Plaintiff's loss of consortium claim has a one-year statute of limitations under KRS § 411.140(1)(a); Plaintiff's claim construed as a breach of contract for sale has a four-year statute of limitations under KRS § 355.2-725; and fraud has a ten-year statute of repose under KRS 413.130(3).

Plaintiffs' negligence, strict liability, failure to warn, and wrongful death claims all began to run upon appointment of an executor of Ray Ann Gloyna's estate. KRS § 413.180(1). Dennis Gloyna and Myrick Gloyna were appointed co-executors on June 14, 2007. The statute of limitations on these claims thus ran on June 14, 2008.

Plaintiff Dennis Gloyna's loss of consortium claim has a one-year statute of limitations. KRS § 411.140(1). His loss of consortium claim arose on April 9, 2007 upon his wife's death and the statute of limitations ran on April 9, 2008.

---

[1] Kentucky has a borrowing statute but it is not applicable here because the causes of action did not accrue in Texas or Texas's statutes of limitation are not shorter than Kentucky's statues of limitations. KRS § 413.320.

Lastly, Plaintiffs' fraud claim was barred by the statute of repose in December 2010. KRS § 413.130(3). Kentucky law requires a fraud claim to be brought within ten years after the making of the contract or perpetration of the fraud, both of which occurred at the time of sale in December 2000. Thus, the statute of repose bars Plaintiffs' fraud claim.

**B. Plaintiffs' Breach of Warranty Claim Fails Because There Was No Valid Warranty at the Time of the Accident.**

Plaintiff's breach of warranty claim fails because any express or implied warranty expired before the accident. Kentucky (as well as Texas) allows a seller to modify or exclude implied warranties of merchantability. KRS § 355.2-316.

However, the limitation must be conspicuous. *Id.* The disclaimer here was conspicuous. It was set apart on its own page, titled "**Limitations**" in large bold font. (Doc. 42-20 p. 9). Further, the direct limitation of the implied warranty of merchantability was the only other bolded font, stating: "**Any implied warranty of merchantability or fitness for a particular purpose is limited to the duration of these written warranties.**" *Id*. This is a conspicuous limitation, such that a reasonable person ought to have noticed it.

The express warranty limited its effectiveness to either the basic warranty of 36 months or 36,000 miles or the powertrain warranty of 60 months or 60,000 miles. *Id.* at 10. At the time of the accident, both warranties were expired. Because the implied warranty was limited to the terms of the express warranty, it had expired at the time of the accident. Without a valid warranty, Plaintiffs cannot maintain a breach of warranty claim.

**C. Kentucky's Fraudulent Concealment Law Applies and Fails to Toll Statutes of Limitation Because Plaintiffs Failed to Use Reasonable Diligence**

Texas's and Kentucky's fraudulent concealment law are not in conflict. Both states' fraudulent concealment exceptions toll the respective statutes of limitation. *Burke v. Blair*, 349 S.W.2d 836, 838 (Ky. 1961); *See Hazel v. Gen. Motors Corp.*, 863 F. Supp. 435, 439 (W.D. Ky. 1994), *aff'd in part and remanded*, 83 F.3d 422 (6th Cir. 1996); *Vial v. Gas Solutions, Ltd.*, 187 S.W.3d 220, 229 (Tex. App. 2006). Further, both require the plaintiff to have conducted a reasonably diligent investigation. *Hazel*, 863 F. Supp. at 439 (citing *Burke*, 349 S.W.2d at 838); *Vial*, 187 S.W.3d at 229. Further, both require some deception by the defendant that conceals the plaintiff's cause of action. *Burke*, 349 S.W.2d at 838; *Vial*, 187 S.W.3d at 229.

Thus, it does not matter which state law the Court applies, because both require the defendant to have taken affirmative steps against the plaintiff to conceal a cause of action and both require the plaintiff to have exercised reasonable diligence to discover their injury. The lack of conflict between the states' law favors usage of forum law. *See Asher v. Unarco Material Handling, Inc.*, 737 F. Supp. 2d 662, 667-68 (E.D. Ky. 2010) ("If there were no conflict, Kentucky law would apply.").[2]

Plaintiffs failed to use reasonable care and diligence in their investigation to discover their causes of action as required by Kentucky's fraudulent concealment doctrine. *Hazel*, 863 F. Supp. at

---

[2] Plaintiffs only argue Kentucky's fraudulent concealment law as being applicable and never discuss Texas's law.

439. Plaintiffs admit the only investigation conducted was into decedent's cell phone records and, when that failed to provide answers, the Plaintiffs conducted no further investigation.  The Plaintiffs failed to have the crash vehicle inspected until after February 2010, when Plaintiffs contacted an attorney.  Even currently, Plaintiffs argue this motion for summary judgment is premature because discovery is ongoing and their expert needs more time to inspect the subject vehicle.  (Doc. 47 pp. 13-14).

Plaintiffs' investigation into the accident was so deficient they both admitted they did not even know a major accident investigation report was produced by the law enforcement officers who investigated the accident.  (Doc. 42-10).  Further, Plaintiffs admitted they conducted **no investigation** between the night of the accident and February 2010.  (Doc. 42-8 p. 26-27; Doc. 42-10 p. 28).  Plaintiff Dennis Gloyna's investigation into the cell phone records fails to meet the fraudulent concealment standard of reasonable care and diligence in Plaintiffs' investigation.  Thus, Kentucky's and Texas's fraudulent concealment doctrine would not apply and the statutes of limitation bar the claims.[3]

**C. The Discovery Rule Fails to Toll the Statute of Limitations**

Plaintiffs argue that Texas's and Kentucky's discovery rule prevents the statutes of limitation from barring their claims.

---

[3] Further, there has been no showing that Defendants prevented inquiry into, eluded investigation into, or misled Plaintiffs in their investigation of the death of Ray Ann Gloyna.  There has also been no showing of Plaintiffs' reliance on any deception by the Defendants. Thus, Kentucky's and Texas's fraudulent concealment doctrine would again fail to toll the statutes of limitation.

However, the discovery rule does not apply in either state to a wrongful death claim. *See McCollum v. Sisters of Charity of Nazareth Health Corp.*, 799 S.W.2d 15, 19 (Ky. 1990) ("Even in cases where the discovery rule has been applied, we have held that the cause of action accrues when the fact of injury is known. In these five cases, death is the injury that put appellants on notice to investigate.") (citations omitted); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 349 (Tex. 1990) ("[T]he discovery rule does not apply to the wrongful death statute of limitations . . . .").

Even if Kentucky's or Texas's discovery rule applied, they also require the exercise of reasonable diligence in investigating the injury. *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky. 2010); *Childs v. Haussecker*, 974 S.W.2d 31, 37 (Tex. 1998). Therefore, the fraudulent concealment analysis above applies equally here, which acts to bar the application of the discovery rule.

**E. Application of Fraudulent Concealment and Discovery Rule to Plaintiffs' Claims**

Fraudulent concealment and the discovery rule do not apply to Plaintiffs' negligence, strict liability, failure to warn, or wrongful death claims. Thus, the statute of limitations was not tolled. Kentucky law provides that the limitations period begins when the personal representative is appointed and may bring the cause of action. KRS § 413.180(1). Plaintiffs were appointed co-executors on June 14, 2007. (Doc. 42-19). These claims have a limitations period of one year. KRS § 413.140. Thus, the claims were time barred after June 14, 2008.

Plaintiffs' fraud claim fails because the statute of repose bars the claim, as discussed above. The car was purchased in December 2000 and the claim was brought in January 2011, more than ten years later.[4]

**G. Summary Judgment is Appropriate And Should Be Granted, Even Though Discovery Is Not Complete**

Plaintiffs argue that ample time to complete discovery has not been granted. However, Plaintiffs are required to show by affidavit or declaration that they cannot present facts essential to justify their opposition. Fed. R. Civ. P. 56(d); *Murphy v. Grenier*, 406 F. App'x 972, 976 (6th Cir. 2011) ("Before the district court decides a summary judgment motion, the non-movant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed, or file a motion for additional discovery. If he does neither, this court will not normally address whether there was adequate time for discovery.") (quotation marks omitted). As such, the Court will not grant Plaintiffs' request.[5]

---

[4] The Court construes Plaintiffs' fraud and breach of warranty claims as deriving from conduct other than that causing the personal injury and thus reaches its decision on the merits. However, should those claims be attempting to circumvent the personal injury statute of limitations, such is not permitted. *See Toche v. Am. Watercraft,* 176 S.W.3d 694, 698 (Ky. Ct. App. 2005).

[5] The Court also notes the contradictory position Plaintiffs have taken. Plaintiffs agreed to *stay discovery* until this Court ruled on Defendants' motion for summary judgment, (Doc. 46), while they now argue that summary judgment is premature because they have not had ample time to complete discovery. (Doc. 47 pp. 13-14).

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Defendants' motion for summary judgment (Doc. 42) be, and is hereby, **GRANTED.**

This 29th day of January, 2014.



Signed By:
William O. Bertelsman
United States District Judge

TIC: 30 min.